KN/TM
F.#2003R01831

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

     - against -

RICHARD JULIANO,

          Defendant.

- - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 22 2005 ★

P.M. _____
TIME A.M. _____

PRELIMINARY
ORDER OF FORFEITURE

04-CR-561 (DGT)

WHEREAS, in the above-captioned Superseding Information (the "Information"), the United States of America sought forfeiture of certain property of the defendant RICHARD JULIANO (the "Defendant"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property constituting or derived from proceeds obtained directly or indirectly as a result of the Defendant's violation of 18 U.S.C. § 1955, and/or as substitute property; and

WHEREAS, on February 14, 2005, the defendant pled guilty to Count Two of the Information, charging a violation of 18 U.S.C. § 1955, and agreed to the entry of an order forfeiting the following property:

> (1) One wooden box (identified as the "payout bank" for the illegal gambling machines at Dale Bagels), containing: (a) $541.00 in United States currency; and (b) one check in the amount of $98.98 payable to Dale Bagels from Johanna Castronovo;

2

(2)  One Broadway gambling machine bearing serial number ("s/n") CD121486 and containing $0.75 in United States currency;

(3)  One circuit board from gambling machine bearing s/n CD121300;

(4)  $82.25 in United States currency that was recovered from inside gambling machine bearing s/n CD121300;

(5)  One circuit board from gambling machine bearing s/n CD233477;

(6)  Two metal lockboxes removed from gambling machine bearing s/n CD122477;

(7)  One circuit board from gambling machine bearing s/n CD123514;

(8)  One metal box removed from gambling machine bearing s/n CD123514;

(9)  One circuit board from gambling machine bearing no observed s/n;

(10) One bill acceptor from gambling machine bearing no observed s/n and containing $746.00 in United States currency;

(11) $500.00 in United States currency, identified as the "payout bank" for the illegal gambling machine at Strictly's Car Service;

(12) One Broadway gambling machine bearing s/n CD121249 and containing $771.25 in United States currency;

(13) One Broadway gambling machine bearing s/n CD122983 and containing $80.25 in United States currency;

(14) One Broadway gambling machine bearing s/n CD122981 and containing $47.00 in United States currency; and

(15) One Broadway gambling machine bearing s/n CD121488 and containing $10.00 in United States currency.

The assets listed above are collectively referred to herein as the "Forfeitable Assets."

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent of all parties, as follows:

1. The Defendant RICHARD JULIANO consents to forfeit all of his right, title and interest in the Forfeitable Assets, as property which constitutes or is derived from proceeds that the defendant obtained as a result of a violation of 18 U.S.C. § 1955, and/or as property traceable to such property, and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

2. The Defendant hereby agrees not to assert any claim or assist any other person to assert any claim to the Forfeitable Assets in any administrative or judicial proceeding, waives his right to any required notice concerning the forfeiture, waives his right, if any, to trial by jury of the forfeiture allegation, and waives any and all defenses to the forfeiture described in this Order, including, but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, and applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

3. Upon entry of this Order, the United States Attorney General or designee is authorized to seize the Forfeitable Assets and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any

applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the Forfeitable Assets in such a manner as the Attorney General or his designee may direct.

5. Any person, other than the Defendant, asserting a legal interest in the Forfeitable Assets may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

6. The United States shall have clear title to the Forfeitable Assets identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental

Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. This Order shall be final and binding only upon the Court's "so ordering" of the order.

9. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

10. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Assistant United States Attorney Taryn Merkl, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 19th Floor, Brooklyn, New York 11201.

Dated:      Brooklyn, New York
              August  9 , 2005

                         s/David G. Trager
                         HONORABLE DAVID G. TRAGER
                         UNITED STATES DISTRICT JUDGE